IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**JUDGE CASTILLO**

| | |
|---|---|
| LOLANYA SNODDY individually and on behalf of a class of similarly situated individuals, | JUDGE CASTILLO |
| Plaintiff, | MAGISTRATE JUDGE NOLAN |
| | No. |
| v. | **06C 0168** |
| PORTFOLIO ACQUISITIONS, LLC, a Delaware Corporation and CAPITAL MANAGEMENT SERVICES, INC., a New York Corporation, | Jury Trial Demanded |
| | **FILED** |
| Defendants. | JAN 1 2 2006 |

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## CLASS ACTION COMPLAINT

Plaintiff Lolanya Snoddy brings this class action complaint against defendants Portfolio Acquisitions, LLC ("Portfolio") and Capital Management Services, Inc. ("Capital Management") due to defendants' practice of attempting to collect money despite the fact that the underlying contracts are illegal and unenforceable, and to obtain redress for all persons injured by their conduct in Illinois.

### JURISDICTION

1. The Court has original jurisdiction over Count II of the complaint pursuant to 28 U.S.C. § 1331, because it arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). The Court has supplemental jurisdiction over the remainder of this action pursuant to 28 U.S.C. § 1367(a), because all other claims are so related to the FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

2. Additionally, the Court has original jurisdiction over this complaint pursuant to 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a state different from Defendants and (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

## VENUE

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b).

## NATURE OF THE CASE

4. Defendant Portfolio is a national company that purchases debt from businesses, including Bally Total Fitness Corp. ("Bally") and its sister corporation, Crunch Fitness International, Inc. ("Crunch"), and then, through agents such as Capital Management, attempts to collect those debts from consumers.

5. However, with respect to the "debt" arising out of Bally and Crunch contracts, the underlying health club contracts violate, *inter alia*, the prohibition on long-term health club contracts contained in section 8(b) of the Illinois Physical Fitness Services Act, 815 ILCS 645/1 *et seq.*, and thus are rendered "void and unenforceable" by section 9(c) of the Act.

6. Defendants have continued to enforce these contracts even in the face of an Illinois Appellate Court decision leaving little doubt as to their unenforceability.

7. In order to redress defendants' wrongful conduct, Snoddy brings suit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, ("ICFA") and seeks a declaration that the health club contracts purchased by defendants are void and unenforceable, an injunction requiring

defendants to cease all collection activity related to such contracts, an award of actual and statutory damages to the class members together with costs and reasonable attorney's fees.

## PARTIES

8. Snoddy is a citizen of Illinois.

9. Portfolio is a Delaware corporation with its principal place of business in Georgia. Although it does business throughout Illinois, it is not licensed to do so.

10. On information and belief, Portfolio's principal purpose is buying consumer debt from companies such as Bally and Crunch and attempting to collect on such debt, either on its own or through agents such as Capital Management. As such, it is a "debt collector" as defined by the FDCPA and a "collection agency" as defined by the ICAA

11. Capital Management is a New York corporation with its principal place of business in New York. It is a "debt collector" as defined by the FDCPA and a "collection agency" as defined by the ICAA.

## FACTS

### *Bally's and Crunch's Sale of Void Contracts*

12. Bally and Crunch are both subsidiaries of Bally Total Fitness Holding Corp. They each operate a chain of health and fitness clubs located throughout Illinois.

13. As one of their primary membership options, Bally and Crunch sell health club contracts that, although purporting to last only one month, effectively bind consumers to pay for three years of services.

14. These contracts are structured as follows: Members are charged a "membership

3

fee," costing as much as thousands of dollars. Payment of this fee is then spread over a 36-month period, while at the same time members are required to pay nominal "monthly dues" for 36 months of as little as $4.00.

15. Section 8(b) of the Physical Fitness Services Act limits the "initial term of services" under health club contracts to a maximum of two years. The provision then goes on to forbid precisely the tactic that Bally's and Crunch's contracts use to circumvent this restriction. Specifically, the Act states that, for contracts with initial terms of less than two years, renewals are allowed, but only so long as the charges for renewals are "reasonable consideration *not less than 10%* of the cash price of the original membership." 815 ILCS 645/8(b) (emphasis supplied).

16. In blatant violation of this provision, Bally and Crunch sell identical form contracts, with a stated initial term of one month, that are renewable for 36 months under which the monthly renewal charges are well under 10% of the price for original membership -- often less than *one-half of one percent* of that price. Consequently, the buyer has no significant cancellation option for 36 months.

17. Further, under section 4 of the Physical Fitness Services Act, every health club contract must be in writing and must include "[a]ll provisions, requirements and prohibitions which are mandated by this Act . . . before it is signed by the customer." Bally's and Crunch's form contracts, however, violate the Physical Fitness Act also because they do not, *inter alia*, recite the Act's prohibitions on contracts with initial terms longer than two years and renewals of less than 10% of the cost of the initial membership.

18. By virtue of each of these violations, under section 9(c) of the Physical Fitness Act, Bally's and Crunch's contracts are therefore "void and unenforceable."

4

### *Defendants' Attempts To Enforce These Illegal Contracts*

19. Portfolio and/or Capital Management periodically purchase consumer "debt" arising out of these form contracts either directly or indirectly from Bally, and, on information and belief, Crunch.

20. Despite the fact that the underlying health contracts are "void and unenforceable," defendants routinely send out debt collection letters, make phone calls demanding payments, and otherwise seeks to enforce the underlying contracts.

21. Indeed, defendants have continued their illegal collection practices in the face of *Pulcini v. Bally Total Fitness Corp.*, 353 Ill. App. 3d 712, 820 N.E.2d 31 (1st Dist. 2004), *appeal denied*, 214 Ill.2d 551, 830 N.E.2d 9 (2004), which left little doubt that the underlying contracts are illegal.

### *Facts Relating to Snoddy*

22. On or about July 1, 2003, Snoddy signed up for a three-year membership at a health club owned and operated by Bally. A copy of her contract is not accessible to her.

23. On information and belief, under the contract, Snoddy agreed to pay a "Membership Fee" of over $1,000, consisting of a small up-front payment due immediately, with the remaining amount to be financed and paid off in equal monthly installments over the next 36 months. On information and belief, Snoddy also agreed to pay nominal monthly dues of well under 10 percent of the cash price of the original membership.

24. According to defendants, Snoddy stopped making payments under the contract in February 2005, after which Bally judged her account to be in default and sent it to collections.

25. In 2005, Capital Management, as an agent for Portfolio, sent Snoddy one or more notices that Portfolio had purchased her Bally contract and that the defendants were attempting to collect on her debt.

26. In November of 2005, Snoddy made two $10.00 payments to Capital Management on her Bally account.

27. Defendants currently claim that Snoddy owes over $1,154.00 -- consisting of principal and significant interest/fees -- and has threatened to bring suit if she does not make full payment.

## CLASS ALLEGATIONS

28. Snoddy brings this action, pursuant to FRCP 23(b)(3) and FRCP 23(b)(2), on behalf of a class (the "Class") consisting of herself and all others who entered into purported physical fitness contracts for membership in an Illinois Bally or Illinois Crunch health club, where the contract states that it is a one-month contract, renewable with discounted monthly dues for more than 24 months, where the dues for each such month are less than 10% of the cash price of the original membership, and who, within five years prior to the filing of this lawsuit, received a communication from Portfolio, Capital Management, or an agent of Portfolio or Capital Management, attempting to collect on a claimed debt arising from such contract. (For purposes of Count II, the class period begins on November 6, 2004.)

29. Upon information and belief, the members of the Class number in the thousands, such that joinder of all members is impracticable.

30. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include:

(a) Do the underlying physical fitness contracts violate the Physical Fitness Services Act by pricing contract renewals at less than 10% of the price of each original membership?

(b) Do such violations of the Physical Fitness Act render the contracts void?

(c) Are defendants committing consumer fraud by attempting to enforce void contracts?

31. Snoddy will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the class, and she has retained counsel competent and experienced in class action litigation.

32. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective classes is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I
### (Declaratory Judgment)

33. Snoddy incorporates by reference the foregoing allegations.

34. By virtue of violations of the Physical Fitness Services Act in the Bally and Crunch contracts, the contracts purchased by defendants are void and unenforceable. 815 ILCS 649/9(c).

35. Despite this, defendants continue to attempt to enforce the contracts.

36. Accordingly, there is an actual controversy between the parties, requiring a declaratory judgment.

WHEREFORE, Lolanya Snoddy, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. A declaration that the contracts assumed by defendants are void and unenforceable;

3. An injunction prohibiting defendants from continuing to enforce these contracts and requiring defendants to take the necessary steps to correct the credit reports of the members of the Class;

4. Reasonable attorney's fees and costs; and

5. Such further and other relief the Court deems appropriate.

## COUNT II
### (Violation of the FDCPA)

37. Snoddy incorporates by reference the foregoing allegations.

38. The FDCPA, 15 U.S.C.A. § 1692e, prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" including:

A. misrepresenting "the character, amount, or legal status of any debt";

    B.    "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false"; and

    C.    using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

39. The FDCPA, 15 U.S.C.A. § 1692f, further provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," including collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

40. Defendants have violated, and continue to violate, the foregoing provisions of the FDCPA by trying to collect, and in fact collecting, on amounts not legally owed, and upon information and belief, by communicating false information (*i.e.*, that a debt was in fact owed) to credit reporting agencies.

41. As a result of Defendants' illegal conduct, Snoddy and the members of the Class have suffered actual damages, including being charged money not legally owed and/or having their credit scores damaged.

WHEREFORE, Lolanya Snoddy prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of the aggregated actual damages of the members of the Class;

3. Statutory damages;

4. An injunction prohibiting Defendants from continuing to enforce these contracts and requiring Defendants to take the necessary steps to correct the credit reports of the members of the Class;

5. Reasonable attorney's fees and costs; and

6. Such further and other relief the Court deems appropriate.

## COUNT III

### (Violation of the ICAA)

42. Snoddy incorporates by reference the foregoing allegations.

43. The ICAA, 225 ILCS 425/9, states that "[n]o debt collector while collecting or attempting to collect a debt shall engage in any of the Acts specified in this Section, each of which shall be unlawful practice."

44. Under the ICAA, such unlawful practices include:

 A. "Disclosing or threatening to disclose information concerning the existence of a debt which the debt collector knows to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt";

 B. "Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist"; and

 C. "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement."

45. Defendants have violated, and continue to violate, the foregoing provisions of the ICAA by trying to collect, and in fact collecting, on amounts not legally owed and, on information and belief, by communicating false information (*i.e.*, that a debt was owed) to credit reporting agencies.

46. As a result of Defendants' illegal conduct, Snoddy and the members of the Class have suffered actual damages, including being charged money not legally owed and/or having their credit scores damaged.

WHEREFORE, Lolanya Snoddy prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of the aggregated actual damages of the members of the Class;

3. An injunction prohibiting Defendants from continuing to enforce these contracts and requiring Defendants to take the necessary steps to correct the credit reports of the members of the Class;

4. Reasonable attorney's fees and costs; and

5. Such further and other relief the Court deems appropriate.

## COUNT IV
### (Violation of the ICFA)

47. Snoddy incorporates by reference the foregoing allegations.

48. The Consumer Fraud Act prohibits "unfair or deceptive acts or practices." 815 ILCS 505/2.

49. Defendants enforcement, and attempt to enforce, contracts declared "void and unenforceable" by the Physical Fitness Act, and, on information and belief, their reporting of supposedly delinquent accounts to credit reporting agencies, constitutes an unlawful practice under the Consumer Fraud Act. 815 ILCS 505/2Z.

50. This conduct is materially deceptive, and Defendants intended that the members of the Class would rely upon it.

51. A reasonable person would be deceived by this conduct, and Snoddy and the members of the Class were in fact deceived.

52. Defendants' illegal conduct resulted in actual damages, proximately caused by that conduct, to each member of the Class.

53. Defendants' conduct involves trade practices that were directed to the market generally and otherwise implicate consumer protection concerns.

WHEREFORE, Lolanya Snoddy prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of the aggregated actual damages of the members of the Class;

3. An injunction prohibiting Defendants from continuing to enforce these contracts and requiring Defendants to take the necessary steps to correct the credit reports of the members of the Class;

4. Reasonable attorney's fees and costs; and

5. Such further and other relief the Court deems appropriate.

## JURY DEMAND

Lolanyna Snoddy requests trial by jury of all claims that can be so tried.

January 11, 2006

Lolanya Snoddy, individually and on behalf of a class of similarly situated individuals

_____
One of her attorneys

Gino L. DiVito
Tabet DiVito & Rothstein LLC
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604

(312) 762-9460

John Blim
Jay Edelson
Blim & Edelson, LLC
53 West Jackson Blvd., Ste. 1642
Chicago, Illinois 60604
(312) 913-9400